IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| AutoMoney, Inc., | ) | Civil Action No. 2:19-2217-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Deirdre Booker Pippins. | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff AutoMoney, Inc.'s motion for reconsideration. (Dkt. No. 17). The motion is denied.

I. **Background**

The Court previously granted Defendant Pippins's motion to dismiss, finding that the *Nautilus Insurance Co.* factors each weighed in favor of abstention in light of the then-pending action between the parties in the Superior Court of Guilford County, North Carolina. (Dkt. No. 16.) AutoMoney Inc. ("AutoMoney") now moves for reconsideration of that dismissal on the basis of "errors of fact, [ ] newly discovered evidence, mistake, misconduct of an opposing party, and other reasons[.]" (Dkt. No. 17 at 2.) On January 21, 2020, AutoMoney removed the North Carolina state court action to the U.S. District Court for the Middle District of North Carolina, where Pippins has moved to remand and AutoMoney has moved to dismiss for lack of personal jurisdiction, insufficient service of process and failure to state a claim, and moves to transfer venue to either the District of South Carolina or the Western District of North Carolina. No. 1:20-cv-00065-CV-LCB-JLW. Those motions are pending before that district court.

## II. Legal Standards

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend a judgment within twenty-eight days of the judgment's entry. Fed. R. Civ. P. 59(e). "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted).

Rule 60 allows a party to move, within a reasonable time, for relief from a final judgment or order for six enumerated reasons that include "mistake"; "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; fraud or misconduct by an opposing party" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b), (c). "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). As a threshold matter, the movant "first must show timeliness, a meritorious claim or defense [or claim], a lack of unfair prejudice to the opposing party, and exception circumstances." *Id.* Only once the movant "has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)." *Id.*

## III. Discussion

AutoMoney raises several arguments that the Court improperly weighed the *Nautilus* factors, none of which warrants reconsideration of abstention and dismissal to the Rule 59 or Rule 60 standard. First, AutoMoney argues that because Pippins's North Carolina state court action

was "second in time"—she filed that complaint seventeen days after she was served by AutoMoney with its complaint in this action—this Court incorrectly concluded that the second *Nautilus* factor weighed in favor of abstention. This action concerned the applicability of the North Carolina Consumer Finance Act to loans that are made outside of North Carolina, in which lenders allegedly "solicit or otherwise conduct activities" within North Carolina, under the North Carolina statute. N.C. GEN. STAT. § 53-190(b). Regardless of the fact that AutoMoney served Pippines with notice of this action seventeen days before she initiated the North Carolina action, determining that North Carolina is the forum state in which these parties "could resolve the issues more efficiently" is not a clear error of law.

AutoMoney next argues that the first *Nautilus* factor does not weigh in favor of abstention because the loan agreement at issue in this case contains a South Carolina choice of law provision, and the loan was negotiated and performed in South Carolina. The North Carolina courts have a "strong interest" in deciding the issue of whether the North Carolina statute is applicable, regardless of which choice-of-law analysis and substantive law that court ultimately applies. Moreover, the first *Nautilus* factor does not inquire into whether this Court has any interest in the issue, but rather whether the North Carolina court has a "strong interest" in the issue, which it did here.

AutoMoney also contends that this Court is the appropriate venue because the North Carolina state court does not have personal jurisdiction over it. This contention is irrelevant to this Court's *Nautilus* analysis and the Court declines to wade into a North Carolina court's own jurisdictional inquiry. In any event, because the state court action was since removed to the Middle District of North Carolina, the argument is moot.

## IV. Conclusion

For the foregoing reasons, AutoMoney Inc.'s motion for reconsideration (Dkt. No. 17) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

January 27, 2020
Charleston, South Carolina